**NOT FOR PUBLICATION**

FILED
JAMES J. WALDRON, CLERK
SEP -9 2015
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In Re: | Case No.: | 14-32685-ABA |
|---|---|---|
|  | Chapter: | 13 |
| Robert L. Oakey | Judge: | Andrew B. Altenburg, Jr. |
|  | Hearing Date: | September 8, 2015 |

## MEMORANDUM DECISION

### JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated September 18, 2012, referring all bankruptcy cases to the bankruptcy court. Further, this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(O) and venue is proper in this court pursuant to 28 U.S.C. § 1408. Accordingly, the court issues the following findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.

### FINDINGS OF FACTS

This court, by its written opinion, Doc. No. 45 (the "Opinion"), and related order, Doc. No. 46 (the "Order"), ruled on July 22, 2015 that the United States of America, on behalf of its agency, the Social Security Administration (the "SSA"), despite its valid right of setoff under applicable non-bankruptcy law, willfully violated the automatic stay when it actually effectuated a setoff of tax overpayments against a pre-petition debt owed by Robert L. Oakey (the "Debtor") to it without first obtaining relief from the automatic stay. The court also ruled that as a result of that willful violation, the Debtor may submit evidence of fair and reasonable costs and fees incurred due to the SSA's actions, and SSA would be entitled to respond to the Debtor's request for fees. The Debtor and SSA did not file a motion to reconsider or an appeal of the Order.

The Debtor timely filed his fee request seeking reimbursement for a total of $2,370 due for professional services representing 7.9 hours at $300 an hour. *See* Doc. No. 49 (the "Fee Request"). In reply, SSA filed a Motion for Extension of Time to File Response to Debtor's Costs and Fees Submission which was set up for a hearing on September 8, 2015. On August 12, 2015, SSA filed its Response in Opposition to Debtor's Fees, Doc. No. 51 (the "Response"). On August 13, 2015, the Debtor filed his rebuttal to the Response. Doc. No. 52. The matter was heard on September 8, 2015. The court has reviewed all the submissions of the parties as they relate to the Fee Request.

## DISCUSSION

To the extent that the SSA, through its Response, seeks to have the court reconsider its Opinion and the Order, such a request is denied because such a request is not timely under Fed. R. Bankr. Civ. P. 9023. SSA filed no motion for reconsideration, nor did it appeal the Opinion and/or Order.

The sole issue before the court is whether the Debtor's Fee Request is fair and reasonable.

The court found that SSA willfully violated the automatic stay. An individual harmed by a willful violation of the automatic stay can recover actual damages, including costs and attorneys' fees. *See* 11 U.S.C. § 362(k)(1). "[A]ctual damages in the form of attorneys' fees [can be] appropriate, despite the fact that there may not have been other compensable harm to a debtor." *In re Rodriguez*, No. 07–24687 (MBK), 2012 WL 589553 at *4 (Bankr. D.N.J. Feb. 22, 2012). *See also In re Voll*, 512 B.R. 132, 141 (Bankr. N.D.N.Y. 2014) ("A debtor may recover attorneys' fees and costs even where the debtor has not suffered other compensable harm."). Nevertheless, attorneys' fees must be reasonable and necessary." *In re Miller*, 447 B.R. 425, 434 (Bankr. E.D. Pa. 2011) and *Rodriguez*, 2012 WL 589553, at *5. When determining fee requests,

> [t]he initial burden is upon debtor's counsel to show that the services for which compensation is sought were reasonable and necessary. *See In re Abel*, No. 95–11044, 2001 WL 36160133, at *3 (Bankr. D. Vt. May 29, 2001). "[A] party objecting to the amount of time spent on services has the burden of proving that too much time was spent, and cannot meet [that] burden merely by alleging a general dissatisfaction with the results." *Id*. Even where there are no specific objections to a fee request, "it is incumbent upon the bankruptcy court to conduct its own independent analysis of all applications for compensation." *Id*.

*Voll*, 512 B.R. at 141. Indeed, unnecessary litigation costs and a party's failure to mitigate damages will not be tolerated by this court. *See Miller*, 447 B.R. at 435 and *In re Genesys, Inc.*, 273 B.R. 290, 296 (Bankr. D.D.C. 2001). Thus, the court must review requested fees critically. *See Voll*, 512 B.R. at 141.

The Fee Request has set forth with specificity the time spent in connection with the actions taken by the SSA in violation of the automatic stay. *See* Doc. No. 49. SSA has not given a particular basis as to why the time spent was excessive. Rather, SSA makes a blanket argument that the Debtor is not entitled to fees. It also appears to the court that in its Response, SSA is raising issues already addressed in the Opinion. As stated, the time for SSA to have the court reconsider its decision has passed. Even considering the position of SSA, its argument fails as the court has already determined that damages are appropriate due its willful violation of the automatic stay, but more importantly, SSA certainly does not satisfy its burden to prove that too much time was spent by Debtor's counsel on this matter. It provides nothing in this regard. Its bare allegations and dissatisfaction with the results is not enough. *Voll*, 512 B.R. at 141.

Finally, SSA argues that the Debtor has not suffered an injury and therefore is not entitled to an award. Attorneys fees are expressly provided for under the statute. Moreover, a debtor may

recover attorneys fees even where the debtor has not suffered other compensable harm. The court has already granted the Debtor's cross-motion for attorneys fees. As set forth in the Fee Request, the Debtor has been billed for the fees requested (subject to this court's approval of those fees). The injury suffered by the Debtor will be his liability for approved fees. Fortunately, for the Debtor, the statute allows that injury to be shifted to the party that violated the automatic stay.

Notwithstanding the foregoing, it is incumbent upon the court to conduct its own independent analysis of all applications for compensation. *In re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, 840 (3d Cir. 1994). It appears from the Fee Request that from November 7, 2014 through March 10, 2015, Debtor's counsel spent two hours directly related to SSA's improper wage and tax garnishments and the initial setoff of the tax refunds.[1] From May 4, 2015 through July 28, 2015, almost six hours (5.9 to be exact) were spent directly related to the motion and cross motion (with a small portion spent on the Fee Request). In making its own independent analysis, the court is mindful that this situation did not force the Debtor to litigate the matter, SSA returned garnished funds prior to the filing of the motion. In addition, SSA took steps to resolve the issues without success before filing its motion for relief from the stay. It is curious that the Debtor waited only until after the filing of SSA's motion for stay relief, some four months later, to seize the opportunity to present its opposition through his cross-motion. As evidenced through the submissions of the parties, the issues involved were not complex. Stay violation and set off are common issues in bankruptcy matters. The several pleadings filed by the Debtor were not complex, nor did they need to be. The Debtor's Certification contained an inaccuracy regarding the return of the wage and tax garnishments, perhaps to make the situation seem more egregious than it really was, but in reality, it just required more work. It is also clear from the Fee Request that there was no attempt to resolve the motion. There was no effort to mitigate. Litigation seems partly unnecessary. All in all, the stay was violated which required some work on the part of Debtor's counsel but 7.9 hours of work provided does not seem fair and reasonable. The court believes four hours is more appropriate.

There was no objection to the hourly rate charged by the Debtor's counsel. Nevertheless, the court finds that Debtor's counsel's hourly rate of $300 is reasonable for an attorney of her experience and in this type of case. *See Busy Beaver Bldg Centers, Inc.* 19 F.3d at 849 n.2 (explaining "lodestar" method to determine reasonable fees).

Accordingly for the reasons cited above, SSA is directed to pay actual damages of $1,200.00 (4 hours x $300) to the Debtor for its willful violation of the stay.

The court will contemporaneously issue a separate order consistent with this opinion.

BY: /s/ Honorable Andrew B. Altenburg, Jr.

Dated: September 9, 2015

---

[1] Interestingly, SSA does not address this time at all in its pleadings. In fact, its only reference to time spent is for 5.6 hours after this time period. *See* Response, page 2, first paragraph of "Argument" section.